**\*E-FILED ON 7/5/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SMITH & VANDIVER CORPORATION, | No. C05-01102 HRL |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM** |
| v. | |
| FELSEN-MOSCOE-MITCHELL & ASSOCIATES, Inc., | [Re: Docket No. 19] |
| Defendant. | |

Pursuant to Fed.R.Civ.P. 12(b)(6), plaintiff Smith & Vandiver Corporation moves to dismiss the counterclaim for breach of contract asserted by defendant Felsen-Moscoe-Mitchell & Associates, Inc. Defendant opposed the motion. Upon consideration of the papers submitted by the parties, as well as the arguments presented at the July 5, 2005 hearing, the court issues the following order.[1]

**I. BACKGROUND**

This a contract action based on the court's diversity jurisdiction. Plaintiff Smith & Vandiver Corporation alleges that it is a manufacturer, marketer and importer of bath and body care products which are distributed throughout the United States. In October 2002, the parties entered into a "Sales Representative Agreement for Mass Market and Drug Chains" (Agreement) under which defendant agreed to "act as an independent sales representative for [plaintiff's] products for Target (excluding

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

Mervyn's)." (Counterclaim, ¶ 3). Plaintiff claims that on December 1, 2004, it provided defendant with written notice of termination of the Agreement, with the termination to be effective as of December 30, 2004. At the heart of the instant lawsuit is the parties' dispute over approximately $135,000 in sales commissions which defendant claims are owed by plaintiff under the Agreement.

On March 17, 2005, plaintiff filed the instant action, seeking a declaratory judgment that it is not in breach of the Agreement (a copy of which is attached to the complaint). It alleges that it has fully performed all of its contractual obligations, including the payment of all commissions owed. On May 10, 2005, defendant answered the complaint and filed a counterclaim for breach of contract against plaintiff, as well as a request for an accounting. It alleges that during the term of the Agreement, plaintiff sold approximately $2.7 million in products to Target without informing defendant. It claims that plaintiff breached the Agreement by failing to pay defendant the five percent sales commission allegedly owed on those sales. Defendant also seeks trebled damages under the California Independent Wholesale Sales Representative Act (IWSRA), Cal. Civ. Code § 1738.15.

Plaintiff now moves to dismiss the counterclaim pursuant to Fed.R.Civ.P. 12(b)(6). It argues that dismissal is appropriate because defendant fails to allege any material element of the Agreement that plaintiff has breached. Plaintiff further contends that the counterclaim allegations are broad and conclusory and do not satisfy the pleading standards under Rule 8 of the Federal Rules of Civil Procedure which requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Dismissal is appropriate only when it "'appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Ordinarily, a court may only look at the face of the complaint and documents attached to the complaint in deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### III.  DISCUSSION

Generally, to plead a claim for breach of contract, defendant must allege:  (1) the existence of a contract; (2) performance by defendant (or excuse for nonperformance); (3) breach by the plaintiff; and (4) damage to defendant. *See generally Regan Roofing Co., Inc. v. Super. Ct.*, 24 Cal. App.4th 425, 434-35, 29 Cal. Rptr.2d 413, 418 (1994). The only issue to be decided on the instant motion is whether or not defendant has sufficiently pled facts demonstrating plaintiff's alleged breach of the Agreement.

Plaintiff argues that the counterclaim must be dismissed because (1) defendant is an independent (and not exclusive) sales representative; (2) the only logical interpretation of the Agreement is that defendant is not entitled to commissions on sales which it did not work to secure; (3) there is no dispute that commissions are conditioned upon and limited to sales "for warehouse ship"; and (4) the counterclaim does not specifically allege that the $2.7 million at issue qualify as sales for "warehouse ship." In its reply brief, it also disputes that the California IWSRA applies such that the Agreement can be construed as conferring "exclusive" rights upon defendant.

Defendant counters that (1) the Agreement must be construed as "exclusive" under the IWSRA; (2) nothing in the Agreement conditions the payment of sales commissions on status as an "exclusive" agent in any event; and (3) the counterclaim sufficiently alleges that the $2.7 million in sales qualify for the payment of a sales commission under the Agreement.

3

There apparently is no dispute as to what the Agreement says – specifically, there is no disagreement that under the Agreement, (1) defendant was an "independent sales representative"; and (2) commissions were to "be 5% of invoiced orders for warehouse ship." (Counterclaim, ¶ 3; Complaint, Ex. A). Rather, the parties appear to dispute only the import and effect of the language in the Agreement, and plaintiff essentially requests dismissal on the ground that defendant's interpretation of the contract is wrong. The court declines to dismiss the counterclaim on that basis. Based upon its review of the pleadings and the Agreement, this court cannot conclude that defendant will be unable to prove that its interpretation of the Agreement is correct. *See, e.g., Falkowski v. Imation Corp.*, 309 F.3d 1123, 1131-32 (9th Cir. 2002) (concluding that issues of contract interpretation cannot be decided on a Fed.R.Civ.P. 12(b)(6) motion); *Consul Limited v. Solide Enterprises, Inc.*, 802 F.2d 1143, 1149 (9th Cir. 1986) (concluding that dismissal of claims was inappropriate where conflicting language between the agreements in question raised questions as to the parties' intent). Moreover, issues as to whether the alleged $2.7 million in sales actually qualifies as "orders for warehouse ship" under the Agreement or whether the IWSRA applies to confer "exclusive" rights (and trebled damages) involves a determination of the proper interpretation of the contract, as well as the resolution of factual issues which are not properly before the court on the instant motion.

Furthermore, assuming the truth of the allegations of the counterclaim (as is required on a Fed. R. Civ. P. 12(b)(6) motion to dismiss), the court concludes that these allegations, if proven, are sufficient to state a claim for breach of the Agreement, and to put plaintiff on notice of the conduct which constitutes the alleged breach. Here, defendant's counterclaim alleges that:

- Under the Agreement, defendant was to "act as an independent sales representative for [plaintiff's] products for Target excluding Mervyn's" (Counterclaim, ¶ 3);
- The Agreement provides "in part, that commissions will be 5% of invoiced orders for warehouse ship" (*Id.*, ¶ 3);
- "During the term of the contract, [defendant] is informed and believes that [plaintiff] sold approximately [$2,700,000] of product to Target without notifying [defendant] of the transactions" (*Id.*, ¶ 5);

4

- Defendant "was not and has not been paid commissions for the approximately $2,700,000 of product sold to Target" (*Id.*, ¶ 6);
- "Failure to pay 5% commission on said product is a material breach of the obligations of [plaintiff], as provided by the written contract" (*Id.*, ¶ 6);
- Defendant "performed all terms, convenants and conditions required of it under said written contract" (*Id.*, ¶ 7); and
- "As a proximate result of the failure to pay commissions as required under said written contract, [defendant] has been damaged in the sum of approximately $135,000." (*Id.*, ¶ 8).

It remains to be seen whether defendant will prevail on the merits. However, based upon the record presented,[2] the court cannot conclude that defendant will be unable to prove any set of facts which would entitle it to relief.

### IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT plaintiff's motion to dismiss is DENIED.

Dated: July 5, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] The court has not considered evidence outside the pleadings submitted by plaintiff with its reply brief in ruling on the instant motion.

5

1  5:05-cv-1102 Notice will be electronically mailed to:

2  Mark B. Fredkin    mfredkin@mffmlaw.com,
   mramos@mffmlaw.com;siamas@mffmlaw.com;gdent@mffmlaw.com;jlira@mffmlaw.com

3

4  Robert W. Payne    rpayne@lgpatlaw.com, mcrepeau@lgpatlaw.com

   William Siamas    wsiamas@mffmlaw.com

5

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California